UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>RITA GREEN,<br><br>　　　　　　Defendant. | 5:21-CR-50052-KES-06<br><br>ORDER DENYING MOTION<br>TO REDUCE SENTENCE |

Defendant, Rita Green filed a motion under 18 U.S.C. § 3582(c)(2), requesting a reduction to her sentence pursuant to new retroactive Sentencing Guidelines provisions and requesting appointment of counsel. Docket 539. Plaintiff, the United States of America, opposes Green's motion. Docket 540. For the following reasons, Green's motion is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826, 827.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have

been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Green's Guideline range, based on a total offense level of 29 and a Criminal History Category of IV, was 121 to 151 months in custody. Docket 496-1 at 1. On November 4, 2021, the court sentenced Green to 84 months in custody for conspiracy to distribute a controlled substance. Docket 496 at 1-2.

On April 8, 2024, Green filed a motion requesting a reduction to her "sentence pursuant to 18 U.S.C. 3582 amendment 821." Docket 539 at 1. Because it is not clear which provision Green relies upon, the court will analyze her motion under both amendments.

**I.      U.S.S.G. § 4A1.1(e)**

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The amended provision states:

> Add one point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1(a)] through (d), and (2) committed the instant

2

offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Green did not receive any "status points" for committing her offense while under any criminal justice sentence. *See generally* Dockets 479, 486. Thus, the amendment to U.S.S.G. § 4A1.1(e) does not apply to her case.

**II.    U.S.S.G. § 4C1.1**

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added an adjustment for certain zero-point offenders, which now appears in Section 4C1.1. The provision states:

> If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § otherwise dispose of a firearm or other dangerous weapon 2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1.

Green fails to meet the criteria for zero-point offenders because she had 7

3

criminal history points. Docket 479 at 27. Thus, the amendment to U.S.S.G. § 4C1.1 does not apply to her case.

### III. Request for Appointment of Counsel

Green moved for appointment of counsel. Docket 539. Under the court's Amended Standing Order 19-01, the Federal Public Defender's Office was appointed to represent Green. After a review of her motion, the Federal Public Defender's Office filed a notice of intent not to file a supplement to Green's motion. Thus, Green s request for appointment of counsel is denied as moot.

## CONCLUSION

It is ORDERED that Green's motion (Docket 539) is DENIED.

Dated May 1, 2024.

                BY THE COURT:

                */s/ Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE